**Brenda Liz JIMENEZ–SANCHEZ,**
**Plaintiff(s)**

v.

**CARIBBEAN RESTAURANTS,**
**LLC, et seq., Defendant(s).**

**Civil No. 05–1131 (JAG).**

United States District Court,
D. Puerto Rico.

March 5, 2007.

**142**

Ariel O. Pérez–Caro, Ariel O. Pérez–Caro Law Office, San Juan, PR, for Plaintiffs.

Ernesto R. Irizarry, Ernesto R. Irizarry Attorneys at Law, Michelle Pirallo–Di Cristina, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendants Caribbean Restaurants, LLC and Real Legacy Assurance Company, Inc.'s (jointly, "CR") motion *in limine* to exclude (1) evidence of spoliation allegations, (2) plaintiff's negligence allegations and (3) plaintiff's expert witness and his medical certificate, as well as the oppositions thereto filed by plaintiff Brenda Liz Jimenez–Sanchez ("Plaintiff") and defendants Pepsi Americas, Inc., Pepsico, Inc., and American International Insurance Company (jointly, "Pepsi"). (Docket Nos. 96–1, 107–1, 110). For the reasons discussed below, the Court **DENIES** CR's motion.

## FACTUAL BACKGROUND

The facts relevant to the pending motion are as follows. On February 3, 2005, Plaintiff filed a civil complaint alleging that she suffered injuries caused by a bottle of Aquafina water that she purchased at a Burger King restaurant. Caribbean Restaurants, Inc. operates the Burger King restaurant where the incident occurred and Pepsi Americas, Inc. is allegedly the manufacturer of the Aquafina water bottle purchased by Plaintiff.

Plaintiff's alleges that on July 1st, 2004, while visiting relatives in Puerto Rico, she visited the Burger King restaurant located in Metro Office Park in Guaynabo ("BK") at around 10:15a.m. and purchased breakfast and a bottle of water. Allegedly, a BK employee retrieved an Aquafina water bottle from an ice house and gave it to Plaintiff, who paid for the merchandise. Plaintiff alleges that she opened the water bottle and as soon as she started to drink

from it, perceived a taste "like ammonia, gaseous and hot." She allegedly went to the bathroom to throw up and then felt a sense of burning in her mouth and tongue, which persisted after rinsing her mouth with water from the faucet and putting ice to her mouth. Plaintiff alleges that she then became aware that she had lost the skin of her lips and lost sense of taste. Allegedly, an employee and the manager of the BK were present during the events; the manager refused to give Plaintiff the water bottle. Plaintiff alleges that she received a referral to receive medical attention after waiting about two hours and that at 1:00p.m. she visited a doctor which diagnosed her with chemical burning in her mouth and tongue.

Plaintiff further alleges that on July 6, 2004, she visited the BK to obtain another referral for medical attention and the water bottle. Allegedly, the manager refused to give her the referral and told her that the water bottle had been sent out for laboratory studies. At some point, the water bottle that allegedly caused damages to Plaintiff was lost, neither party having performed tests on the same.

### DISCUSSION

A. *Exclusion of evidence of spoliation allegations*

 Spoliation can be defined as the failure to preserve evidence that is relevant to pending or potential litigation. Through the court's inherent power to manage its own affairs, it may sanction a party for spoliation. "Sanctions for spoliation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable." *Perez v. Hyundai Motor Co.*, 440 F.Supp.2d 57, 62 (D.P.R.2006) (citing *Driggin v. Am. Sec.*

*Alarm. Co.*, 141 F.Supp.2d 113, 120 (D.Me. 2000)). "The measure of the appropriate sanctions will depend on the severity of the prejudice suffered." *Id.* at 61. Another consideration is "whether the non-offending party bears any responsibility for the prejudice from which he suffers." *Id.* (citing *Driggin*, 141 F.Supp.2d at 121).

 The First Circuit has held that "... a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the documents were unfavorable to the party." *Testa v. Wal–Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998) (internal citations omitted). Before such an inference can materialize, the sponsor of the inference must proffer evidence sufficient to permit the trier of fact to find that the party against which the inference is sought to be made knew of (1) the litigation or the potential of litigation and (2) the potential relevance of the missing evidence to the litigation. *Id.* When such a showing is made, a suitable foundation has been established and the trier of fact is entitled to infer, although not required to infer, that the party who disappeared the evidence did so because its contents hurt his position. If the fact finder believes the loss or destruction of the evidence was accidental, "or for an innocent reason, then the factfinder is free to reject the inference." *Blinzler v. Marriott International, Inc.* 81 F.3d 1148, 1159 (1st Cir.1996). In establishing the necessary foundation, the showing of knowledge is institutional and not individual: "[t]he critical part of the foundation that must be laid depends ... on institutional notice the aggregate knowledge possessed by a party and its agents, servants, and employees." *Wal–Mart Stores, Inc.*, 144 F.3d at 178.

In its motion, CR moves for the exclusion of all evidence of spoliation allegations

regarding the water bottle subject of this case. It argues that exclusion of said evidence is adequate because it did not incur in spoliation, since it never had a duty to preserve the water bottle while it was in its possession. CR claims that Plaintiff and Pepsi were tardy in informing of their intention to file a complaint and failed to make efforts to preserve the bottle. According to CR, it was only on April 4, 2005, when Plaintiff sent a Rule 26 Initial Discovery letter to CR, that it requested the bottle. Since according to CR, no allegations of spoliation or requests for provisional remedies to secure the bottle were made before that date, CR believes that any evidence in relation to spoliation should be excluded. Consequently, CR sustains that an adverse inference is not warranted and that instructions to the jury to that effect should not be administered.

In her opposition, Plaintiff first claims CR failed to meet the test under Fed. Evid.R. 403, that is, to establish that the danger of unfair prejudice of spoliation evidence outweighs its probative value. She points to the Complaint to prove that in fact, she did make the allegation that CR refused to hand over the bottle to her the day after the incident. Additionally, Plaintiff points to Pepsi's cross claim in which the latter raised spoliation of material evidence as an affirmative defense. Plaintiff claims that the bottle was requested on several occasions but that the Manager of the BK refused to hand it over. Plaintiff reasons that CR had the obligation of preserving the water bottle because the bottle was under CR's control and possession when it disappeared, CR knew or should have known of a potential claim against it, and the bottle is relevant to the case. Accordingly, Plaintiff argues that it is appropriate to impose an adverse negligence inference against CR and to give special jury instructions to that effect since CR incurred in spoliation of evidence. Pepsi echoes Plaintiff's arguments regarding the appropriateness of a negligence inference against CR as a sanction for spoliation of evidence.

In order to determine whether spoliation occurred, this court must determine first, who is responsible for the loss of the water bottle and second, whether the circumstances of the loss sustain the imposition of sanctions. The first inquiry is easily concluded since in this case, there is no dispute as to the fact that the water bottle was lost while it was in CR's possession.[1] The parties only disagree on whether CR had a duty to preserve the water bottle. While CR argues that Plaintiff and Pepsi had the obligation to make efforts to preserve the bottle, the latter sustain that CR was expected to preserve it. Based on the facts put forth by the parties, this Court finds that a suitable foundation exists for the jury to make a negative inference regarding spoliation of evidence by CR. The two criteria that entitle a jury to make such an inference are present in this case: CR knew that the incident with the water bottle at BK might lead to litigation and CR knew that the bottle involved in the incident would be relevant to the litigation.

First, the fact that Plaintiff filed an incident report and was sent to receive medical attention by BK's manager, makes it clear that a future litigation was possible as a result of the incident. CR's argument against this deduction that the incident could end in court holds no ground.[2]

---

1. In its motion, CR states that the water bottle "... got lost after nine months of waiting at the Burger King manager's office."

2. In its motion, CR's states: "After plaintiff was sent to a doctor by Burger King, she never came back with a diagnosis of whatever damage she had suffered. No medical in-

What's more, the bottle disappeared, by CR's own admission, sometime in March 2005. Since the disappearance occurred after the present complaint was filed and after CR was served,[3] CR was without a doubt on notice about the present litigation when the bottle was lost. CR's arguments as to Plaintiff's and Pepsi's tardy notice of the complaint are without merit; CR had the duty to preserve the bottle ever since the incident occurred or at the very least since Plaintiff filed her complaint. Second, the relevance of the water bottle to the present litigation is obvious since it revolves around the effect that bottle itself or its contents had on Plaintiff. CR was aware, or should have been aware, of the relevance of the bottle to Plaintiff's claim.

Since a suitable foundation has been established (i.e. a rational jury could conclude that CR was on notice about Plaintiff's claim and that CR knew about the relevance of the water bottle), the trier of fact in this case is entitled to make a negative inference against CR regarding the disappearance of the water bottle. It will be up to the jury to determine whether it will make such an inference.

■ Furthermore, under Fed.Evid.R. 403, the exclusion of evidence of spoliation is not justified. Said rule, which governs motions *in limine,* states the following: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.Evid.R. 403.

The balance of the probative value of the spoliation evidence against the undue prej-

udice that would result from its admission does not favor exclusion. "Evidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis." *U.S. v. Benedetti,* 433 F.3d 111, 118 (1st Cir.2005) (citing *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). The possibility of undue prejudice is not great, since evidence of spoliation could only lead to a reasonable jury inferring that the water bottle in some way hurt CR's case and that is not an improper basis for a decision. As to the probative value of the water bottle, it is the nerve center of this case and evidence regarding its disappearance has therefore great probative value for Plaintiff. Consequently, the Court will not exclude evidence of spoliation allegations.

### B. Exclusion of Plaintiff's Negligence Allegations

CR also moves for the exclusion of Plaintiff's negligence allegations. It holds that Plaintiff has not presented any proof of the existence of a defect in the water bottle nor of the causal relationship between the defect and the damages, which are elements required to sustain liability under the absolute liability doctrine. Additionally, CR points out that Plaintiff has not announced any negligence expert to prove its case and that such an omission violates the rules of discovery. CR then asks the Court to exclude Plaintiff's product liability allegations.

Plaintiff holds that CR has not meet the burden imposed by Fed. Evd. R. 403 to exclude evidence. Further, Plaintiff sustains that in a products liability case, testimony is sufficient to establish liability and

voices were received by Burger King. There was no indication at all that plaintiff had suffered any damages."

3. CR was served with the Complaint on February 24, 2005. (*See* Docket No. 3).

it plans to present testimonies as well as other circumstantial evidence to prove the bottle's failure to meet the user's reasonable expectations. Plaintiff also argues that she will present evidence to sustain a negligence claim under Article 1802 of the Puerto Rico Civil Code, for CR's negligence in the storage of the water bottle.

■ The Court finds that since products liability need not be proven by direct evidence but may be established through circumstantial evidence including testimony, Plaintiff is not required to prove her case through expert witnesses. As to CR's claim that Plaintiff's negligence allegations should be excluded because she has not presented any proof of the elements required to sustain liability under the absolute liability doctrine, CR is mistaken. Plaintiff has made the allegations necessary to sustain its products liability claim and is not required to prove her case at this point. Consequently, CR's motion to exclude Plaintiff's negligence allegations cannot be granted.

## C. Exclusion of Plaintiff's Expert Witness and his Medical Certificate

Lastly, CR moves to exclude Plaintiff's expert witness, Dr. Timothy Brennan, and the medical certificate that constitutes his expert opinion. CR argues that Plaintiff has violated Fed.R.Civ.P. 26(a)(2)(c) because she announced the expert witness for the first time in the Joint Proposed Pre–Trial Order filed on May 31, 2006 and has not yet served his qualifications, theories, opinions or basis for his opinions. According to CR, this Court should issue a protective order excluding the evidence

based upon considerations of undue delay which could cause unfair prejudice to a party, since it would not be able to adequately prepare a defense due to the closeness of the trial date.

In her opposition, Plaintiff states that Dr. Brennan was mistakenly included as an expert witness in the Joint Proposed Pre–Trial Order when instead, he should have been announced as a treating physician. Also, Plaintiff claims that she produced his medical records since March 2005 and his medical certificate since September 8, 2005. According to Plaintiff, Dr. Brennan's curriculum vitae has already been handed over, even though he is being called as a treating physician; the medical certificate being part of the treating personal knowledge of Dr. Brennan based on his intervention with the patient. She alleges that CR has had the opportunity to depose Dr. Brennan and has chosen to limit its discovery request to the translation of his notes.

■ Based on the fact that Plaintiff intends to present Dr. Brennan as a treating physician and not as an expert, stating that Dr. Brennan "will testify about the condition of the patient, treatment and findings obtained during his multiple interventions with the patient," she is not required to make the disclosures that CR requests. Consequently, the Court finds that the exclusion of Dr. Brennan's testimony and his medical certificate is not warranted under Fed.R.Civ.P. 26(a)(2)(c). Plaintiff is reminded that as a treating physician, Dr. Brennan's testimony is limited to his observations and to his opinion if it meets the Rule 701 criteria.[4]

4. Rule 701 states that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed.Evid.R. 701.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** CR's motion *in limine* to exclude evidence of spoliation allegations, plaintiff's negligence allegations, and Dr. Brennan's testimony and medical certificate.

IT IS SO ORDERED.